UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAMBERT GUTUTALA,

        Plaintiff,

v.

PIERCE COUNTY,

        Defendant.

CASE NO. C09-5568RJB

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENT COMPLAINT

The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER the following:

(l)    A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's complaint is deficient. Plaintiff alleges he was mistreated when he was booked into the Pierce County Jail and when he was denied adequate medical care and treatment. Plaintiff names one defendant in his Complaint – Pierce County. The Complaint is deficient for the following reasons.

(a) Plaintiff has failed to describe how any individual defendant was involved in the alleged deprivations. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's complaint does not show that any of the individuals named as defendants personally participated in the alleged civil rights violations.

(b) As noted above plaintiff has not described any individuals participated in the alleged violations, but plaintiff shall also note that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Defendants cannot be named as defendants based only on their supervisory role or position.

(c) Plaintiff names the Pierce County as the sole defendant. To establish municipal liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). Plaintiff has not alleged facts to support municipal liability against the municipal governmental entity -- Pierce County.

Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing an amended complaint by no later than **November 17, 2009**. If plaintiff fails to cure these deficiencies the court will recommend dismissal of this matter as frivolous.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 16th day of October, 2009.

J. Richard Creatura
United States Magistrate Judge