UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAMBERT GUTUTALA,

          Plaintiff,

    v.

PIERCE COUNTY,

          Defendant.

CASE NO. C09-5568RJB

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENT AMENDED COMPLAINT

The Court, having reviewed plaintiff's amended complaint, (Dkt. # 6), and the balance of the record contained herein, does hereby find and ORDER the following:

(l) A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C.§1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

ORDER - 1

(2) Plaintiff's amended complaint is deficient. Plaintiff alleges he was mistreated when he was booked into the Pierce County Jail and when he was denied adequate medical care and treatment. Plaintiff names as defendants, the "Chief" Robert Masko and his wife, but provides no facts showing any action taken by either of these defendants. Plaintiff also names a Doctor Hendrix and his wife. Doctor Hendrix performed a surgery to repair a shattered knee and broken ankle and the plaintiff claims the pins placed in his ankle were defective. The amended complaint is deficient for the following reasons.

(a) Plaintiff has failed to describe how any individual defendant was involved in the conditions in the jail, he does not state who placed him in segregation or in a cell without a toilet. In order to state a claim under 42 U.S.C.§1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's amended complaint does not show that any of the individuals named as defendants personally participated in the alleged civil rights violations.

(b) As noted above plaintiff has not described any individuals participated in the alleged violations, but plaintiff shall also note that a defendant cannot be held liable under 42 U.S.C.§ 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a §1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Defendants cannot be named as defendants based only on their supervisory role or position.

(c) With respect to medical care, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Inadequate treatment due to negligence, inadvertence, or differences in

judgment between an inmate and medical personnel does not constitute cruel and unusual punishment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's allegation that the pins placed in his ankle by Dr. Hendrix were defective does not state a claim under the Eighth Amendment.

Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing a second amended complaint by no later than **December 18, 2009**. If plaintiff fails to cure these deficiencies the court will recommend dismissal of this matter as frivolous.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 23rd day of November, 2009.

J. Richard Creatura
United States Magistrate Judge